IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LISA BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-036 |
| | ) | |
| FROG AND THE HEN MARKET AND | ) | |
| EATERY and FROG HOLLOW | ) | |
| HOSPITALITY GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and has paid the filing fee. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction in this matter and therefore **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

I.   **BACKGROUND**

Plaintiff names as Defendants (1) Frog and the Hen Market and Eatery and (2) Frog Hollow Hospitality Group, Inc. Plaintiff was previously employed by Defendants as a prep chef. While at her work station on November 19, 2021, Plaintiff fell after her foot was caught in the straps of a potato bag stored under her station. (Doc. no. 1, p. 6.) Plaintiff reported the fall and resultant knee pain to her general manager who created an incident report. (See id.) Plaintiff, who remained in pain from the fall, continued to work each day until November 22, 2021, when she texted her general manager to explain her injuries and ask if Defendants had their own doctor. (Id. at 7.) The general manager put her in touch with Defendants' human

resources officer, who explained to Plaintiff that Defendants do not have their own doctors. (Id.)  Two days later, Plaintiff returned to work to pick up copies of the incident report then went to the emergency room.  (Id.)   Plaintiff was diagnosed with back spasms, osteoarthritis, degeneration of the intervertebral disc of the cervical region, and degeneration of the lumbar or lumbosacral intervertebral disc. (Id.)  Plaintiff is unsure whether those conditions pre-dated the fall but believes the fall still could have ruined her career or disabled her. (Id.)

At an unknown point, Plaintiff notified the human resources officer of her injuries and required treatment, but the officer did not update Plaintiff's paperwork which only contained reference to Plaintiff's initial knee pain. (Id. at 9.)  As a result, Plaintiff's doctors would only treat Plaintiff for knee pain as Plaintiff's other issues were not included in the incident report. (Id.)  At some point, Defendants' workman's compensation agent directed Plaintiff's doctors to send a causation report to Defendants' insurance adjusters, but Plaintiff gives no further detail on the insurance or workman's compensation process.  (Id.)  Plaintiff quit her job on December 29, 2021, because she was stressed out and believed the work environment was unsafe.  (Id.)

Plaintiff attributes her fall and injuries to Defendants' negligence and asks for $500,000 in damages.  (Id. at 4, 7.)  She lists the following as the basis of her complaint:  unsafe working conditions, erroneous safety procedures, failure to utilize necessary safety guidelines, neglect, and a hazardous working area.  (Id. at 3.)

II.   DISCUSSION

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal

courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff fails to allege a basis for federal subject matter jurisdiction. Plaintiff cites no federal statutes and seems to be pressing a claim of negligence against Defendants after she tripped and fell at her work station. After review, it is not apparent any federal statute is applicable to invoke federal question jurisdiction. 28 U.S.C. § 1331. To the extent Plaintiff is describing a violation of the Occupational Safety and Health Act ("OSHA"), OSHA provides no private cause of action. Owens v. Perdue Foods LLC, No. 5:20-CV-00307-TES, 2021 WL 2323718, at *1 (M.D. Ga. June 7, 2021); Rabb v. Pizza Hut, No. 1:08-CV-1934-RWS, 2008 WL 4542639, at *1 (N.D. Ga. Oct. 8, 2008).

Further, Plaintiff has failed to allege any facts sufficient to establish federal diversity jurisdiction as she has not alleged Defendants are citizens of another state. 28 U.S.C. § 1332(a). Indeed, all parties appear to be citizens of Georgia. (See doc. no. 1, pp. 1-2.) Because

Plaintiff has failed to plead any facts demonstrating she is entitled to invoke the jurisdiction of the federal courts, her complaint is subject to dismissal.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA